**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Divito Weber, Individually, as Personal Representative of the Estate of Norman Scott Weber, Deceased, and next-friend of Brittany M. Weber and Wittney Nicole Weber, minor children, of Decedent,<br><br>  Plaintiff,<br><br>  vs.<br><br>Hartford Life and Accident Insurance company, a Connecticut corporation,<br><br>  Defendant. | No. CIV 06-02779 PHX RCB<br><br>O R D E R |

### *Background*

In this action brought pursuant to the Employee Retirement Income Security Act of 1974, the fundamental issue is whether the death of Norman Scott Weber was an accident, as plaintiff contends, or a suicide, as defendant contends.  Primarily because "the parties have a fundamental disagreement" as to how this case should proceed, doc. 64 at 1:22, they have submitted separate supplemental

status reports and proposed scheduling orders for the court's consideration (docs. 64 and 65). Although they agree that any trial herein will be a bench trial subject to *de novo* review, the parties disagree as to the scope of the record for such trial. They also disagree as to the necessity for additional discovery. Defendant assumes that no further discovery is necessary, but plaintiff contemplates additional discovery. Indeed, her proposed supplemental pretrial scheduling order includes deadlines for the taking of expert depositions and a discovery cut-off date, to be determined.

 The December 15, 2008, deadline for a settlement conference has passed. The court assumes by the parties' silence that this matter has not been resolved. Consequently, it is necessary to consider the issues which the parties' respective status reports raise, including the proposed deadlines contained therein.

### ***Discussion***

### *I. Scope of Review*

 Defendants are taking the position that the court should review only the administrative record at trial, whereas plaintiff is seeking to have the court also consider "such additional evidence or testimony [as] the [court] may allow or require to resolve the question of decedent's cause of death[.]" Pl. Supp. Status Report (doc. 65) at 3, ¶ 8:18-20. As defendant suggests, "[i]n most cases only the evidence that was before the plan administrator should be considered[]" by a reviewing court. See Kearney v. Standard Ins. Co., 175 F.3d 1084, 1091 (9th Cir. 1999) (internal quotation marks and citation omitted). Or, as the Kearney Court put it, "the record that was before the administrator

furnishes the *primary basis* for review." Id. at 1090 (emphasis added).

Reviewing only the administrative record is not a hard and fast rule, however. In Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938 (9th Cir. 1995), the Ninth Circuit "recognized that the administrative record need not serve as the exclusive basis for review." Dishman v. Unum Life Ins. Co., 269 F.3d 974, 985 (9th Cir. 2001). Rather, "[a] district court may, in its discretion, allow evidence that was not before the plan administrator when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." Id. (internal quotation marks, footnote and citation omitted). "The Mongeluzo court juxtaposed necessity to situations in which someone at a later time comes up with new evidence that was not presented to the plan administrator." Id. at 985, n.46 (internal quotation marks and citation omitted).

So, for example, in Kearney the Ninth Circuit held that the district court did not abuse its discretion when it limited its review to the evidence before the plan administrator. There was no abuse of discretion, the Ninth Circuit found, for two reasons. First, plaintiff "easily" could have submitted his additional evidence, "pages of an 'Occupational Outlook Handbook' published by the U.S. Department of Labor," to the plan administrator, but he did not. Kearney, 175 F.3d at 1091. Second, the Ninth Circuit found that the additional evidence was not needed for the district court to "conduct an adequate de novo review[,]" of the denial of benefits decision. As an "experienced trial judge[,]" the district court was aware of "what trial lawyers do[;]" and hence did not

1  need the "assistance of a secondary source[]" -- the DOL Handbook
2  -- to inform him on that issue, the Ninth Circuit reasoned.  See
3  id.

4  　　　In contrast, where "[n]o administrative review preceded [an
5  insurer's] decision to suspend [plaintiff's] benefits[,]" the Ninth
6  Circuit in Dishman, held that the district court did not abuse its
7  discretion in allowing evidence outside the administrative record.
8  Dishman, 269 F.3d at 985.  The Ninth Circuit explained that because
9  the insurer told plaintiff that "no appeals process applied to
10 him," plaintiff could "hardly" be "fault[ed]" for not submitting
11 materials to the insurer, which he later sought to present to the
12 district court.  Id.  Similarly, in Friedrich v. Intel Corp., 181
13 F.3d 1105 (9th Cir. 1999), the Ninth Circuit held that the district
14 court properly allowed additional medical evidence where the plan
15 administrator had "limited [plaintiff] to an administrative record
16 that included only some of [his] medical records and those records
17 were illegible and disorganized."  Id. at 1111.  That additional
18 evidence was necessary so that the district court could "conduct an
19 independent *de novo* review of the benefit claim denial[.]"  Id.

20 　　　Another exception to the general rule limiting review to the
21 administrative record is "when a plan administrator operates under
22 a conflict of interest."  Harris v. Standard Ins. Co., 2008 WL
23 917119, at *12 (D.Or. March 26, 2008).  In that situation, "[t]he
24 district court may, in its discretion, consider evidence outside
25 the administrative record to decide the nature, extent, and effect
26 on the decision-making process of any conflict of interest[.]"
27 Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir.
28 2006).  Procedural irregularities by plan administrators also

1  provide a basis for consideration of "evidence outside the
2  administrative record to supplement gaps in the record caused by
3  th[os]e procedural defalcations." Harris, 2008 WL 917119, at *13
4  (citing Abatie, 458 F.3d at 972-973).

5  　　　As should be evident by now, the court cannot make a
6  determination as to the need to supplement the administrative
7  record in a vacuum.  Therefore, before issuing a Supplemental Pre-
8  trial Scheduling Order, the court will require the parties to file
9  and serve a memorandum of law, and any accompanying documentation
10 they deem relevant, setting forth the legal and factual bases for
11 their respective positions on whether to allow supplementation of
12 the administrative record.

13 ***II.  Discovery***

14 　　　Likewise, the need for additional discovery cannot be resolved
15 in a factual vacuum.  In part because the court has not been
16 apprised of the extent of the administrative record, the need for
17 additional discovery along the lines which plaintiff suggests is
18 not readily apparent.  Therefore, the court further requires the
19 parties to file and serve a memorandum of law and any accompanying
20 documentation they deem relevant, setting forth the legal and
21 factual bases for their respective positions as to the necessity
22 for further discovery.  If further discovery is desired, proposed
23 discovery deadlines shall be included therewith.

24 　　　As set forth above, the court hereby ORDERS:

25 　　　(1) the parties to file and serve a memorandum of law, and any
26 accompanying documentation they deem relevant, setting forth the
27 legal and factual bases for their respective positions on whether
28 to allow supplementation of the administrative record by no later

- 5 -

1 | than ten (10) days from the date of entry of this order;
2 |     the court further ORDERS:
3 |     (2) the parties to file and serve, no later than ten (10) days
4 | from the date of entry of this order, a memorandum of law and any
5 | accompanying documentation they deem relevant, setting forth the
6 | legal and factual bases for their respective positions as to the
7 | necessity for further discovery.  If further discovery is desired,
8 | proposed discovery deadlines shall be included therewith.
9 |     DATED this 18th day of December, 2008.

                  */s/ John C. Broomfield*
                  Robert C. Broomfield
                  Senior United States District Judge

18 | Copies to counsel of record